Exhibit "A"

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

FILED
JAN 27 2025
JUSTIN WETZEL
CIRCUIT CLERK
BY: D.C.

BEVERLY GAYTEN PLAINTIFF

VS. CIVIL ACTION NO.: A2401-25-18

WAL-MART STORES EAST, LP,
and JOHN AND JANE DOES 1-10 DEFENDANTS

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW Plaintiff, BEVERLY GAYTEN, by and through their attorney of record, and file this Complaint against Defendants WAL-MART STORES EAST, LP.; and JOHN AND JANE DOES 1-10 in support of this Complaint, Plaintiff would show unto this Honorable Court the following facts and matters, to-wit:

**PARTIES**

1. Plaintiff, Beverly Gayten (hereinafter "Plaintiff") is an adult resident of Harrison County, Mississippi who resides at 2426 14th Avenue, Gulfport, Mississippi 39501.
2. Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is a Delaware corporation conducting business in the State of Mississippi, with its principal place of business located at 702 S.W. 8th St. Bentonville, Arkansas, 72716. Upon information and belief, said defendant is the owner and/or operator of Wal-Mart Store Supercenter No. 969, located at 9350 Highway 49, Gulfport, Mississippi 39503. Process may be served upon said defendant through its registered agent for service of process, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39332, by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.
3. Defendants John and Jane Does 1-10 are corporations, entities, businesses, employees of Wal-Mart Stores East, LP and Claims Management, Inc., individuals and the like

which are presently unknown to the Plaintiffs, but who are liable in this cause, and who are individuals the Plaintiffs assert are unable to be currently identified, despite diligent efforts. Said Defendants are named pursuant to Mississippi Rule of Civil Procedure 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortuous with respect to the injuries suffered by Plaintiffs.

**JURISDICTION AND VENUE**

4. Venue is proper in the District of Harrison County, Mississippi.
5. This Honorable Court has jurisdiction over this matter because the amount in controversy exceeds two hundred dollars ($200.00) exclusive of interests and costs.

**FACTS**

6. On or about September 02, 2022, Plaintiff, a customer at Wal-Mart Store No. 969, was walking through the produce section, while shopping.
7. The floor was unsafe, due to blueberries being spilled on the floor, causing Plaintiff to slip and fall.
8. The floor was not an open and obvious condition.
9. There were no visible signs to warn Plaintiff of the hazard.
10. Defendants failed to maintain the floor in a safe manner.
11. Defendants created this danger, and subsequently failed to warn Plaintiff of this hidden danger.
12. Defendants' negligence caused the accident.
13. As a result of the accident, Plaintiff suffered injuries to her neck, lower back, left shoulder, and body as a whole.
14. The negligent actions and inactions by Defendant are the direct and proximate cause of the harm suffered by Plaintiff, including medical billing, pain and suffering, and all other damages under applicable law.

## CAUSES OF ACTION

### I. Negligence

15. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

16. Defendants were negligent and careless in one or more of the following:

    a. Defendants failed to exercise reasonable care afforded and owed to Plaintiff while on the premises;

    b. Defendants negligently failed to monitor the premises for potential dangers to the Plaintiff;

    c. Defendant negligently failed to warn Plaintiff of the hazardous condition of the floor;

    d. Defendants negligently failed to properly inspect or assess the condition of the floor;

    e. Defendants negligently failed to warn Plaintiff or place caution signs in an area that could be observed by Plaintiff prior to stepping into said hazard;

    f. Defendants negligently failed to ensure the aisle was safe for walking;

    g. Defendants failed to have sufficient caution signs or other warning signs to reasonably mark off the area where Plaintiff fell; and

    h. Any other duties that can be shown at trial or developed through discovery.

17. At all times relevant hereto, Defendants were responsible for the maintenance and upkeep of the premises of Wal-Mart Store Supercenter No. 969, located at 9350 Highway 49, Gulfport, Mississippi 39503, to specifically include the area where Plaintiff fell and was injured.

18. At all times pertinent hereto, Defendants owed the aforementioned duties to Plaintiff.

19. As a direct and proximate cause of each and every act of Defendants' negligence and

careless described herein, Plaintiff was caused to suffer and sustain medical expenses, wage loss, pain and suffering and loss of income which could and could have been avoided but for said negligence of the above named defendants.

20. The breach of the aforesaid duties constituted negligence and/or gross negligence, and such negligence was the sole cause for the damages sought herein.

### II. Negligent Hiring/Retention/Supervision/Training

21. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

22. Defendants are further negligent in the hiring, retention, supervision, and/or training of its employees.

23. The Defendants failed to provide adequate training, supervision, and/or oversight to eliminate hidden dangers to the public and to Plaintiff.

24. The direct and proximate causes of Plaintiff's injuries were as a result of said Defendants' negligent acts. But for these negligent acts and/or omissions the harm suffered by Plaintiff would have been avoided.

25. Plaintiff has suffered significant personal injuries.

### III. Vicarious Liability

26. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

27. Based on information, belief, and controlling law, Defendants are vicariously liable for the acts of all employees, managers, staff, or other entities that contributed or caused the injuries to Plaintiff.

28. Plaintiff reserves the right to amend the Complaint to specifically name any individual defendants not specifically named herein after reviewing the pleadings or discovery of Defendants.

29. Defendants are vicariously liable for the acts of any agents, employees, or staff that were negligent on or about September 02, 2022.

30. As a direct and proximate cause of the Defendant's negligence, Plaintiff has incurred significant and severe personal injuries.

**DAMAGES**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff BEVERLY GAYTEN demand judgment from Defendants WAL-MART STORES EAST, LP; and JOHN AND JANE DOES 1-10, and request this Honorable Court to grant relief as follows:

1. That the Plaintiff has judgment against the Defendants for all losses incurred as a proximate result of the negligent conduct and other breaches of standard care or duty, all compensatory damages, pre and post judgment interest from the date of judicial demand, attorneys' fees and costs reasonably and necessarily incurred, in an amount to be determined at trial;

2. That the Plaintiff has judgment against the Defendants for damages in an amount to make the Plaintiff whole insofar as a pecuniary amount can accomplish that purpose, in an amount to be determined at trial;

3. That the Plaintiff has judgment against the Defendants for punitive damages in an amount sufficient to deter like conduct and to be determine at a trial of this matter;

4. That the Plaintiff has judgment against the Defendants for the loss of consortium incurred as a proximate result of the negligent conduct and other breaches of standard care or duty.

5. That Plaintiff has such other relief as this Honorable Court deems just and proper; and

6. That all matters prayed for that are triable by jury, be tried by a jury.

This the 18th day of December, 2024.

Respectfully Submitted,

BEVERLY GAYTEN, Plaintiff

BY: Ashley Hendricks Duck

ATTORNEYS FOR PLAINTIFF:

Darryl M. Gibbs, Esq. (MSB #100232)
Ashley Hendricks Duck, Esq. (MSB #104240)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601) 948-8005
Facsimile: (601) 948-8010
dgibbs@cglawms.com
ahendricks@cglawms.com

Exhibit "A"

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**BEVERLY GAYTEN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.** A2401-25-18

**WAL-MART STORES EAST, LP.;**
**and JOHN AND JANE DOES 1-10** **DEFENDANTS**

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Wal-Mart Stores East, LP.
c/o CT Corporation System, Registered Agent
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

**NOTICE TO DEFENDANT**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.

YOU ARE HEREBY SUMMONED and required to serve on Plaintiff's Attorney, ASHLEY HENDRICKS DUCK, ESQ., CHHABRA & GIBBS, P.A., 120 NORTH CONGRESS STREET, SUITE 200, JACKSON, MISSISSIPPI 39201, an answer to the Complaint which is being served on you with this Summons, within thirty (30) days after service of this Summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Issued under my hand and the seal of said Court, this the 21 day of January, 2025.

CIRCUIT CLERK HARRISON COUNTY MISSISSIPPI

BY: [signature]
DEPUTY CLERK

Exhibit "A"

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/19/2025
CT Log Number 548450343

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Mississippi**

**FOR:** Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GAYTEN BEVERLY // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Harrison County Circuit Court, First Judicial District, MS<br>Case # A24012515 |
| **NATURE OF ACTION:** | Personal Injury - 09/02/2022 - 9350 Highway 49, Gulfport, Mississippi 39503 |
| **PROCESS SERVED ON:** | C T Corporation System, Flowood, MS |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/19/2025 at 11:47 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | Ashley Hendricks Duck<br>Chhabra & Gibbs, P.A.<br>120 North Congress 'Street, Suite 200<br>Jackson, MS 39201<br>601-948-8005 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/20/2025, Expected Purge Date: 03/02/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/19/2025
CT Log Number 548450343

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Feb 19, 2025
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Case Number | a24012518 |
| Jurisdiction | MS |

| Inserts | | |
|---|---|---|
| | | |

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

| | | |
|---|---|---|
| BEVERLY GAYTEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 24CI1:25-cv-00018 |
| | * | |
| WALMART STORES EAST, L.P. | * | |
| AND JOHN AND JANE DOES1-10, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**ANSWER**

Defendant, Wal-Mart Stores East, L.P. (hereinafter referred to as “Walmart”), answers Plaintiff’s Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff’s Complaint:

**PARTIES**

1. Walmart is without knowledge and information sufficient to form a belief as to Plaintiff’s age or residency but at this time, admits same.

2. Walmart denies it is a foreign corporation, but admits it is a foreign limited partnership authorized to do business in Mississippi and may be served via its registered agent, and that at all times pertinent herein was the operator of the premises where this incident allegedly occurred in Gulfport, Mississippi.

3. As this paragraph is directed towards fictitious parties, no response from Walmart is required. Walmart denies that any of its entities, corporations, businesses or employees, caused or contributed to the incident subject of this lawsuit or Plaintiff’s alleged injuries, if any, and strict proof

thereof is demanded. To the extent this paragraph asserts or implies allegations against Walmart, the same are denied and strict proof thereof is demanded.

**JURISDICTION AND VENUE**

4. Walmart admits that at the present time, venue is proper in the Circuit Court of Harrison County, Mississippi. To the extent this paragraph asserts allegations against Walmart, the same are denied and strict proof thereof is demanded.

5. Walmart admits that at the present time, jurisdiction is proper in the Circuit Court of Harrison County, Mississippi, but denies that Plaintiff is entitled to any recovery in this matter. To the extent this paragraph asserts allegations against Walmart, the same are denied and strict proof thereof is demanded.

**FACTS**

6. Walmart admits Plaintiff, Beverly Gayten, was present on its premises in Gulfport, Mississippi, on or about September 2, 2022. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence or her status as a "customer" and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

7. Walmart denies the allegations of this paragraph and demands strict proof thereof.

8. Walmart denies the allegations of this paragraph and demands strict proof thereof.

9. Walmart denies the allegations of this paragraph and demands strict proof thereof.

10. Walmart denies the allegations of this paragraph and demands strict proof thereof.

11. Walmart denies the allegations of this paragraph and demands strict proof thereof.

12. Walmart denies the allegations of this paragraph and demands strict proof thereof.

13. Walmart is without knowledge and information sufficient to form a belief as to the allegations relating to Plaintiff's injuries and damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

14. Walmart denies that its "actions or inactions" were the proximate cause or contributing cause of this incident or Plaintiff's injuries and damages, if any. Walmart is without knowledge and information sufficient to form a belief as to the allegations relating to Plaintiff's injuries and damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

**CAUSES OF ACTION**

**I. Negligence**

15. Walmart hereby adopts and incorporates by reference the foregoing paragraphs, the same as though fully repeated herein.

16. Walmart denies its conduct constituted negligence and demands strict proof thereof, and denies all allegations in subparts a. through h. and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

17. Walmart admits that it was the operator of the premises where this incident occurred at all times pertinent herein. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

18. Walmart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

19. Walmart denies its conduct constituted negligence and demands strict proof thereof. Walmart denies its conduct was the proximate cause or contributing causes of this incident or Plaintiff's injuries and damages and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

20. Walmart denies the allegations of this paragraph and demands strict proof thereof.

**II. Negligent Supervision/Training**

21. Walmart hereby adopts and incorporates by reference the foregoing paragraphs, the same as though fully repeated herein.

22. Walmart denies the allegations of this paragraph and demands strict proof thereof.

23. Walmart denies the allegations of this paragraph and demands strict proof thereof.

24. Walmart denies its conduct constituted negligence and demands strict proof thereof. Walmart denies its conduct was the proximate cause or contributing causes of this incident or Plaintiff's injuries and damages and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

25. Walmart is without knowledge and information sufficient to form a belief as to the allegations relating to Plaintiff's injuries and damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

**III. Vicarious Liability**

26. Walmart hereby adopts and incorporates by reference the foregoing paragraphs, the same as though fully repeated herein.

27. Walmart denies the allegations of this paragraph and demands strict proof thereof.

28. As this paragraph is not directed towards Walmart, no response from Walmart is required.

29. Walmart denies that any of its employees acted negligently, and denies the remaining allegations of this paragraph and demands strict proof thereof.

30. Walmart denies its conduct constituted negligence, and denies its conduct was the direct or proximate cause or contributing cause of this incident or Plaintiff's injuries and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

**DAMAGES**

Walmart denies the allegations contained in the unnumbered paragraph following paragraph 30 which begins "WHEREFORE, PREMISES CONSIDERED", including all allegations contained in paragraphs 1 through 6 under the heading "DAMAGES" and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

**AFFIRMATIVE DEFENSES**

1. Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2. Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which Plaintiff complains and, therefore, under Mississippi law, Plaintiff is not entitled to recover any damages or her recovery should be limited accordingly.

3. The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Mississippi law.

4. Defendant did not have notice of the alleged hazard about which Plaintiff complains and, therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5. No act or omission of this Defendant was the proximate cause of any injury to Plaintiff.

6. Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8. Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9. Plaintiff, in whole or in part, failed to mitigate her alleged damages and, therefore, is precluded from recovery.

10. Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint and having no causal relationship with Defendant.

11. Plaintiff's Complaint fails to state a claim for Punitive Damages and those allegations are therefore due to be dismissed.

12. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Mississippi Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

13. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Mississippi

Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

14. Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

15. Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

a. It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

b. It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

c. It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d. It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e. It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f. It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g. It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h. It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i. It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

j. It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

k. It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l. It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

m. The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n. The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o. The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

16. Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on March 20, 2025.

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-1578

CERTIFICATE OF SERVICE

I hereby certify that I have on this March 20, 2025, served a copy of the foregoing pleading upon counsel via email and as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Ashley L. Hendricks, Esq.
Chhabra & Gibbs, PA
120 North Congress Street, Suite 200
Jackson, MS 39201

/s/ W. Pemble DeLashmet
OF COUNSEL

Exhibit "A"

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

| | | |
|---|---|---|
| BEVERLY GAYTEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 24CI1:25-cv-00018 |
| | * | |
| WAL-MART STORES EAST, L.P. AND JOHN AND JANE DOES1-10 | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

TO: JUSTIN WETZEL, Circuit Clerk
HARRISON COUNTY-CIVIL DIVISION
1801 23rd AVENUE
GULFPORT, MS 39501

There is hereby filed with you a copy of the Notice of Removal filed by Defendant WAL-MART STORES EAST, L.P. ("Walmart") through undersigned counsel, in the case styled "Beverly Gayten, Plaintiff v. Wal-Mart Stores East, L.P.," Civil Action No. A2401-25-18, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on the 20th day of March, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on the 20th day of March, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Harrison County, Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

DATED this 20th day of March, 2025.

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day March 20, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Ashley L. Hendricks, Esq.
Chhabra & Gibbs, PA
120 North Congress Street, Suite 200
Jackson, MS 39201

/s/ W. Pemble DeLashmet
OF COUNSEL